## 1550

Jane C. BRAILSFORD, Appellant v. LAWYERS SURETY
CORPORATION, Respondent.

(397 S.E. (2d) 254)

Court of Appeals

*J. Kershaw Spong,* of *Robinson, McFadden & Moore,*
Columbia, *for appellant.*

*Howard S. Sheftman,* Columbia, *for respondent.*

Heard Sept. 10, 1990.

Decided Oct. 8, 1990.

GARDNER, Judge:

Jane C. Brailsford (Brailsford) sued the Lawyers Surety Corporation (Surety) by a complaint in which she alleged, *inter alia*, (1) that she and her husband employed Kenneth L. Treiber and Associates, Inc., d/b/a Kendol Construction Company (the builder), to build them a house, (2) that she and her husband had terminated the contract between them and the builder because of incompetent workmanship, the failure to prosecute the work timely, etc., (3) that she and her husband completed the construction of the home by another contractor at a greatly increased cost, (4) that she and her husband demanded an arbitration under the arbitration of their contract with the builder and that the arbitrator awarded her and her husband the sum of $33,689.51 and that the arbitration award has been confirmed by the courts of this state and judgment entered thereon, (5) that the builder's competence and financial stability were bonded by Surety pursuant to South Carolina law. Surety moved for judgment under Rule 12(b)(6) SCRCP which was granted by the appealed order. We reverse and remand.

The sole issue of merit is whether the complaint states facts sufficient to constitute a cause of action.

The case of *Watson v. Harmon*, 280 S.C. 214, 312 S.E. (2d) 8 (Ct. App. 1984) is dispositive of the issue before this court. There in reference to violations of the rules and regulations pertaining to construction standards, this court held the following:

> One such rule and regulation . . . requires, as a condition of licensure, that a home builder not be guilty of either gross negligence, incompetence, or misconduct in the building of homes.

280 S.C. at 224, 312 S.E. (2d) at 14.

The Watsons had alleged negligence in the builder's roof construction. This court held:

> The Watsons' complaint plainly alleges that the home builder . . . was guilty of the kind of conduct which the Commission proscribes in its rule and regulation and for which [the surety], under its bond, could be liable.

280 S.C. at 224, 312 S.E. (2d) at 14.

In the case now before us the bond stated:

> [i]f the [builder] shall . . . comply with the rules and regulations pertaining to Construction Standards and Health and Safety requirements promulgated by the South Carolina Residential Home Builders Commission, then this obligation shall be void; . . .

The appealed order held:

> The security bond which is the subject of this action is limited by its express provisions to violations of construction standards or health and safety regulations.

The order is erroneous. The subject bond required that the builder comply with the rules and regulations pertaining to construction standards and health and safety requirements promulgated by the South Carolina Residential Home Builders Commission. One such rule is that a home builder not be guilty of either "gross negligence, incompetence or misconduct in the performance of home building. . . ." S.C. Code Regs. 106-7 (1976).

The failure to allege specific violations of the various building codes referred to in Regulation 106-7 did not render the complaint fatally defective. The language of the regulation indicates that these codes are merely guides to be used in determining incompetence on the part of the builder. A builder could be incompetent and yet violate no building codes.

The Brailsfords alleged that their contract with the builder was terminated on the grounds of, *inter alia*, incompetent workmanship. We hold that the complaint does state a cause of action on the bond issued by Surety. Accordingly, the appealed order granting judgment pursuant to 12(b)(6) SCRCP is reversed, and the case is remanded for further proceedings.

Reversed and remanded.

SANDERS, C.J., and LITTLEJOHN, A.J., concur.